IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTHA SILLIMAN and JANET
MALMBERG,

        Plaintiffs,

  v.

HAWES FINANCIAL GROUP, INC.,
originally an Oregon
corporation; HeRO OUTSOURCING,
INC., originally an Oregon
corporation; RAY KLEIN, INC.,
originally an Oregon
corporation but now a
Washington corporation,

        Defendants.

Case No.6:15-cv-00285-AA
OPINION AND ORDER

---

Jessica Ashlee Albies
Beth Ann Creighton
Creighton & Rose, PC
815 S.W. Second Ave., Suite 500
Portland, Oregon 97204

Erik Strindberg
Strindberg & Scholnick LLC
675 E. 2100 S., Suite 350
Salt Lake City, Utah 84106
    Attorneys for plaintiffs

Dennis W. Percell
Arnold Gallagher Saydack Percell Roberts & Potter
P.O. Box 1758
800 Willamette St., Suite 800
Eugene, Oregon 97440
    Attorney for defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiffs Martha Silliman and Janet Malmberg move to dismiss defendants Hawes Financial Group, Inc., HeRO Outsourcing, Inc., and Ray Klein, Inc.'s counterclaims under Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

On February 18, 2015, plaintiffs filed a complaint in this Court alleging six contractually-based claims arising out of defendants' acquisition of plaintiffs' company and subsequent employment of plaintiffs. On March 20, 2015, plaintiffs filed an amended complaint, realleging their original six claims, as well as adding claims for discrimination and retaliation.

On April 1, 2015, defendants moved to file the original complaint under seal because it referred to information that was purportedly confidential, and to strike the amended complaint because it was too long and contained impertinent material. On May 6, 2015, the Court granted defendants' motion as to the sealing of the original complaint and denied it in all other respects.

On May 20, 2015, defendants timely answered plaintiffs' amended complaint, asserting several affirmative defenses and counterclaims. Specifically, defendants allege the following claims: (1) misrepresentation; (2) interference with contractual/business relations; (3) breach of the employment agreement and covenant not to compete; (4) breach of the employment

Page 2 - OPINION AND ORDER

agreement; (5) attorney fees; and (6) attorney and expert witness fees for lack of an objectively reasonable basis to allege discrimination. On June 22, 2015, plaintiffs moved to dismiss defendants' counterclaims.

## STANDARDS OF REVIEW

"Where a counterclaim 'fail[s] to state a claim upon which relief can be granted,' it must be dismissed." <u>Unum Life Ins. Co. of Am. v. Martin</u>, 2013 WL 3995005, *2 (D.Or. Aug. 1, 2013) (quoting Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the counterclaimant and its allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011), <u>cert. denied</u>, 132 S.Ct. 2101 (2012).

Moreover, where fraud or misrepresentation is alleged, heightened pleading standards apply. Fed. R. Civ. P. 9(b). The counterclaimant "must state the time, place, and specific content

Page 3 - OPINION AND ORDER

of the false representations as well as the identities of the parties to the misrepresentations." Schreiber Distrib. v. ServWell Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (citation and internal quotations omitted). Likewise, the counterclaimant is required to "set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotations omitted). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but [requires counterclaimants] to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (citation and internal quotations omitted).

## DISCUSSION

Plaintiffs argue that defendants' counterclaims fail at the pleadings level because they are vague, conclusory, and/or lack factual support. Defendants contend, to the contrary, that their "allegations are sufficient under the liberal pleading requirements set forth in the Federal Rules of Civil Procedure." Defs.' Resp. to Mot. Dismiss 1.[1]

---

[1] According to defendants, plaintiffs' motion should also be denied because they did not comply with LR 7-1(a). Plaintiffs concede that they "failed to confer" before filing the present motion; however, on July 14, 2015, plaintiffs spoke with "counsel to determine if Defendants might be willing to amend their counterclaim[s] to include factual assertions [and] Defendants' counsel declined [maintaining that] the Court [should first] decide whether the counterclaims have been sufficiently plead."

Page 4 - OPINION AND ORDER

I.   Preliminary Matter

Defendants include several new allegations, which do not appear in their complaint, in opposing dismissal. For example, as discussed in greater detail below, defendants' counterclaims contain few and, in some instances, no factual allegations in support; their response brief, in contrast, contains references to certain specific events and contractual provisions. Compare generally Am. Answer, with Defs.' Resp. to Mot. Dismiss.

These additional facts would have been known by defendants when answering plaintiffs' amended complaint. Defendants' attempt to introduce such facts via their opposition will be construed as an implicit recognition that their counterclaims are, in fact, deficient. Furthermore, "'new' allegations contained in the [defendants'] opposition . . . are irrelevant for Rule 12(b)(6) purposes." Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1990). In evaluating plaintiffs' motion, the Court

---

Pls.' Reply to Mot. Dismiss 2 n.1. Because LR 7-1 requires, in pertinent part, the moving party to certify that it made "a good faith effort" to resolve the matter and was unable to do so – which is what transpired here, albeit belatedly – the Court declines to deny plaintiffs' motion on this basis. See Strong v. City of Eugene, 2015 WL 2401395, *1-2 (D.Or. May 19, 2015) (presumption towards reaching the merits exists under discretionary LR 7-1(a) where all issues are adequately briefed). Further, defendants' contention – that, if "the Court should find any of [their] counterclaims to be inadequately pled, [they] should be granted leave to replead" – is without merit. Defs.' Resp. to Mot. Dismiss 1-2. At this stage in the proceedings, amendment is not allowed as a matter of right and defendants' request does not comply with either LR 7-1(b) or LR 15. Fed. R. Civ. P. 15 (A)(1).

Page 5 - OPINION AND ORDER

cannot consider materials beyond the pleadings and therefore disregards the new factual allegations first articulated in defendants' response brief.

II. <u>Misrepresentation Claim</u>

The elements of a fraud or misrepresentation claim are: "the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the [counterclaimant] to rely on the misrepresentation; the [counterclaimant] justifiably relied on the misrepresentation; and the [counterclaimant] was damaged as a result of that reliance." <u>Strawn v. Farmers Ins. Co. of Or.</u>, 350 Or. 336, 351-52, 258 P.3d 1199, <u>adh'd to on recons.</u>, 350 Or. 521, 256 P.3d 100 (2011), <u>cert. denied</u>, 132 S.Ct. 1142 (2012) (citations omitted).

Initially, defendants neither identify any discrete representations, knowing or otherwise, as the basis of their counterclaim nor do they differentiate between parties. In fact, the entirety of their complaint states that "[p]laintiffs misrepresented the financial condition, customer base and business expectations for Eligibility Plus," which "[d]efendants relied upon" and have been damaged "in the sum of $475,000." Am. Answer ¶¶ 10-11.

Accordingly, plaintiffs are correct that defendants' misrepresentation claim fails at the pleadings level, as it does not allege the identities of the parties or the time, place, and

Page 6 - OPINION AND ORDER

specific content of a material misstatement that was justifiably relied upon. See Defs.' Resp. to Mot. Dismiss 7 (arguing that plaintiffs' allegations provide "context [that] makes clear 'the who, what, when, where, and how'" of their claim, but without identifying any particular dates, comments, or individuals). Similarly, defendants neglect to identify what was false or misleading about plaintiffs' purported misrepresentations. Even the counterclaimants in the 100 year old case that defendants rely on "[set] out particularly the said representations [that] were made fraudulently." Neilson v. Masters, 72 Or. 463, 473, 143 P. 1132 (1914) (internal quotations omitted). In sum, defendants did not establish the requisite elements of a misrepresentation claim or meet Fed. R. Civ. P. 9(b)'s heightened pleading standards. Plaintiffs' motion is granted in this regard.

III. Interference With Contractual/Business Relations Claim

"To state a claim for intentional interference with economic relations, a [counterclaimant] must allege: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relations; and (6) damages." N.W. Natural Gas Co. v. Chase Gardens, Inc., 328 Or. 487, 497, 982 P.2d 1117 (1999) (citations omitted).

Defendants fail to include the requisite elements. Notably, defendants do not specify the existence of a business or

Page 7 - OPINION AND ORDER

contractual relationship with a third party that plaintiffs interfered with, any damage to their economic relations, or an improper purpose/means. Rather, defendants merely conclude that plaintiffs interfered with their business by "recently" attending a conference "where [they] held them themselves out as representatives of Eligibility Plus," which caused "confusion . . . in the business community" and "irreparable harm." Am. Answer ¶ 12; see also Lyden v. Nike Inc., 2013 WL 5729727, *3 (D.Or. Oct. 22, 2013) (dismissing an intentional interference with economic relations claim where the plaintiff did "not specify that he had a business relationship with specific investors or buyers; that [the defendant] interfered with these relationships; and that the investors and buyers discontinued their relationship with [the plaintiff] because of [the defendant]").

Lastly, defendants' reliance on a trademark case concerning customer confusion is insufficient to demonstrate the existence of an improper purpose or improper means, especially because their counterclaim is silent as to this element. See A & B Asphalt, Inc. v. Humbert Asphalt, Inc., 2014 WL 3695480, *7-8 (D.Or. May 8), adopted by 2014 WL 3695474 (D.Or. July 24, 2014) ("[i]f liability in tort is to be based on an actor's purpose, then the purpose must be to inflict injury"; "[f]or means to be improper, [they] must be wrongful in some manner other than simply causing the damages claimed as a result of the conduct, such as the use of violence, threats, intimidation, deceit, misrepresentations, bribery,

Page 8 - OPINION AND ORDER

unfounded litigation, defamation and disparaging falsehood") (citations and internal quotations omitted). Plaintiffs' motion is granted as to defendants' interference with contractual/business relations claim.

IV. <u>Contract-Related Claims</u>

To state a counterclaim for breach of contract, the defendant "must allege the existence of a contract, its relevant terms, [the defendant's] full performance and lack of breach, and [the plaintiff's] breach resulting in damage to the [defendant]." <u>Staton v. BAC Home Loans Servicing, LP</u>, 2014 WL 1803376, *5 (D.Or. May 6, 2014) (citing <u>Slover v. Or. State. Bd. of Clinical Soc. Workers</u>, 144 Or.App. 565, 570, 927 P.2d 1098 (1996)).

Here, in two separate claims, defendants allege that plaintiffs "breached their Employment Agreement[s] by failing to meet their duties as a result of failing to promote employer services, devote full time and attention to performing services [on their behalf,] comply with the policies, standards and regulations of the business and [covenant not to compete]," and by "divulging trade secrets." Am. Answer ¶¶ 14-18. According to defendants, they are entitled to $1,000,000 in damages and an injunction precluding plaintiffs from further violating the covenant not to compete. <u>Id.</u>

Thus, although defendants identify the contracts at issue, they do not articulate the relevant terms; instead, they simply conclude that plaintiffs breached those agreements in myriad respects. They also neglect to describe the factual circumstances

Page 9 - OPINION AND ORDER

that gave rise to plaintiffs' purported breaches. See Iqbal, 566 U.S. at 678-79 ("[t]hreadbare recitals of the elements of a cause of action" are to be ignored and courts are to consider only whether the "well pleaded facts" give rise to a "plausible" inference that the pleader is entitled to relief) (citations omitted). Moreover, defendants' complaint is silent as to their full performance and absence of breach. See Commerce & Indus. Ins. Co. v. HR Staffing, Inc., 2015 WL 133677, *2-3 (D.Or. Jan. 8, 2015) (dismissing a counterclaim that "lack[ed] any allegation of [the defendant's] full performance under the contract and absence of breach," and noting that even "a conclusory statement [of] full performance and the absence of breach" would have been inadequate). This shortcoming is especially problematic given that plaintiffs' complaint is wholly to the contrary; they provide a plethora of factual allegations evincing their lack of breach and when and how defendants failed to perform under the parties' contracts. See, e.g., Am. Compl. ¶¶ 43-69. Plaintiffs' motion is granted as to defendants' contract-related claims.

V.      Fee-Related Claims

It is undisputed that the underlying contracts provide for attorney fees to the prevailing party. Am. Compl. ¶ 131; Am. Answer ¶ 19. In addition, as defendants' complaint acknowledges, statutory attorney fees are available under Oregon law where the plaintiff lacked an "objectively reasonable basis for asserting the claim." Or. Rev. Stat. § 20.105; Am. Answer ¶ 20. Regardless of whether

Page 10 - OPINION AND ORDER

pled as a remedy or independent claim, neither party is entitled to attorney fees without first prevailing and then filing a separate motion. Romani v. N.W. Tr. Servs., Inc., 2014 WL 1072698, *1 (D.Or. Mar. 17, 2014) (citations omitted). As such, defendants' fee-related claims merely furnish "notice that [they] will seek recovery of fees if they prevail" and/or "establish that [plaintiffs' state law] claims are frivolous." Amort v. NWFF, Inc., 2012 WL 3756330, *4 (D.Or. Aug. 27, 2012) (citations omitted). Plaintiffs' motion is denied as to these claims.

Finally, the Court strongly encourages the parties to efficiently work together, including conferring in good faith and declining to file inadequate pleadings or frivolous motions. The failure to do so may result in sanctions.

## CONCLUSION

Plaintiffs' motion to dismiss (doc. 22) is DENIED as to defendants' fee-related claims and GRANTED in all other respects. Any motion for leave to amend counterclaims shall be filed within 10 days of the date of this Opinion.

IT IS SO ORDERED.

Dated this 26th day of August 2015.

_____
Ann Aiken
United States District Judge